HORACE WATERS & Co., Plaintiff and Appellee, v. PILAR CLABOGUERA ET AL., Defendants and Appellants.

No. 5478. Argued May 22, 1931.—Decided December 18, 1931.

*Juan Valdejulli* for appellant.   *Besosa & Besosa* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On June 7, 1927, Horace Waters & Co., a corporation of the State of New York doing business in Puerto Rico, instituted, in the District Court of San Juan, an action against Pilar Claboguera, José Portilla, and Gregorio Dimas, to recover the sum of $664.75, and alleged in short that in a replevin action which it had brought against defendant Claboguera it had obtained a judgment directing the defendant to deliver to it a pianola, a stool, and a cover, and to compensate it for any damage or deterioration sustained by the property at the time of such delivery, together with costs and disbursements in the action, which were finally appraised at $264.75; that the defendant delivered the pianola, the stool, and that an execution was issued for the costs, which could not be collected because the defendant did not own any property; and that defendants Dimas and Portilla furnished in the action of replevin a bond, which is fully transcribed and which in its pertinent part reads as follows:

"Whereas, the above-named plaintiff, Horace Waters & Co., has filed an undertaking in this Court in the sum of $1,550.00 to cover any damages that might be caused the defendants herein.

"Whereas, Eduardo Urrutia, marshal of the District Court of San Juan, Second Section, by virtue of said undertaking, has seized and taken from the possession of defendant Pilar Claboguera a pianola with its stool and cover, and now retains it in his custody in accordance with section 173 of the Code of Civil Procedure.

"*       *       *       *       *       *       *

"Now, Therefore, we, José Portilla and Gregorio Dimas, as sureties for defendant Pilar Claboguera, freely and voluntarily bind ourselves by the present undertaking to plaintiff Horace Waters & Co. in the sum of $1,550.00, which is double the sum stated in the veri-

fied complaint as the value of the property, and this undertaking will answer for any damages suffered by said plaintiff Horace Waters & Co., in case it is finally adjudged that the said pianola be taken away and the delivery thereof to the said plaintiff be ordered.''

Plaintiff further alleged that by virtue of the above undertaking the property was returned to defendant Claboguera; that when the goods were seized in execution of the judgment they were in a very poor condition, the depreciation amounting to $400, and that neither defendant Claboguera nor her sureties, defendants Portilla and Dimas, have satisfied the said sums of $264.75 and $400 which total $664.75, the amount claimed in the complaint.

Defendant Portilla and defendants Claboguera and Dimas, through their respective counsel, interposed demurrers to the complaint, for want of jurisdiction and for insufficiency, which were overruled. They then answered. The case went on to trial and the plaintiff introduced evidence. The court rendered judgment against the defendants, who were ordered to pay $400 as damages. Thereupon they took an appeal to this Court, and have assigned in their brief two errors which really raise a single question, namely: the lack of jurisdiction of the district court to entertain the original action by reason of the amount involved therein.

As already stated, the original complaint was filed in the district court and the amount claimed exceeds $500. The jurisdiction of the court was apparent. However, the appellants contend that by the terms of the undertaking defendant Portilla and Dimas only bound themselves to pay for damages of the character included in the item of $400, and hence the real amount claimed was less than $500, for which reason the original jurisdiction belonged to the municipal court and not to the district court. Appellants invoke in their favor the very judgment rendered and the following paragraph of the opinion on which it is based, to wit:

"The undertaking executed by codefendants Portilla and Dimas is not a simple or indefinite one; it is rather specific and covers only

damages that may be caused in case the delivery of the property to the plaintiff be adjudged, which is what happened in the present case. If the undertaking were simple or indefinite, then it would include not only the principal obligation but every accessory thereto, including the costs of suit."

In our opinion, the appellants are wrong. In the first place, the action was brought against the principal debtor and her sureties, and we do not think that there is the smallest doubt that the principal was liable for the whole amount of the claim. But even if we disregard this and confine ourselves to the case of the sureties, it must be concluded that, as it is at least really a debatable question whether their liability covered also the expenses and costs which had to be incurred by the plaintiff in the action where the undertaking was furnished, the subsequent suit herein could be instituted, as was the case, in the district court.

We know the bond. The sureties bound themselves to answer for "any damages suffered by said plaintiff . . . in case it is finally adjudged that the said pianola be taken away and the delivery thereof to the said plaintiff be ordered." We shall not pass upon the question of whether or not the defendant sureties should have been adjudged to pay the sum claimed and ordered to be paid as the expenses and costs of the action wherein the undertaking was furnished, since the plaintiff took no appeal from the judgment which decided this point negatively; but we will say that in view of the general terms of the undertaking and the provisions of section 175 of the Code of Civil Procedure, it must at least be concluded that the plaintiff might in good faith have believed. that it was entitled to make the claim and submit it to the decision of the court. In such case, even though the court should finally render an adverse decision, this would not imply a lack of jurisdiction to entertain the action by reason of the amount in controversy.

Summing up the jurisprudence on the matter, Corpus Juris says:

"In determining jurisdiction, the amount claimed in the complaint governs, the rule in this respect being that jurisdiction is fixed by the amount for which judgment could be rendered on the facts set out when viewed in the aspect most favorable to plaintiff. If this amount is such as to bring the case within the jurisdiction, such jurisdiction is not defeated by the fact that the actual recovery is less than the jurisdictional amount; unless it appears that the original demand was fictitious or fraudulent, or unless the statute requires a dismissal under such circumstances." 15 C. J. 755.

See also the cases of *Korber & Co., Inc.* v. *López,* 33 P.R.R. 29, and *Turner* v. *Municipal Council of S. J.,* 24 P.R.R. 556. The case of *Delgado et al.* v. *Trujillo & Mercado,* 24 P.R.R. 456, invoked by the appellant, and those of *González* v. *Rosado,* 23 P.R.R. 1, and *Hernández* v. *Pérez et al.,* 17 P.R.R. 579, present distinct situations.

If it could be clearly concluded that the item of expenses and costs had been included in bad faith or for the sole purpose of giving jurisdiction to the district court, the appellants would be right, but such is not the case here. The claim of the plaintiff could be urged in good faith. Perhaps it should have been upheld in its entirety and not in part only.

As the only question involved in this appeal has been determined adversely to the appellants, the appeal must be sustained and the judgment appealed from affirmed.